IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEVERE ANDRE HALL, SR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE, | : | NO. 11-cv-05693 |

ORDER

AND NOW, this 16th day of November 2012, upon consideration of Plaintiff's Request for Review (Doc. No. 25), Defendant's response (Doc. No. 26), and Plaintiff's Reply (Doc No. 28); careful review of the Report and Recommendations of United States Magistrate Judge Jacob P. Hart (Doc. No. 29); and consideration of Defendant's Objections to the Report and Recommendation (Doc. No. 30) and Plaintiff's response thereto (Doc. No. 31), it is ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED;[1]

2. Plaintiff's request for review is GRANTED IN PART and DENIED IN PART; and

3. The matter is REMANDED for the posing of new hypothetical questions to the vocational expert incorporating Hall's moderate social limitations.

BY THE COURT:

/s/ Legrome D. Davis
Legrome D. Davis, J.

---

[1] Despite Defendant's objections, this Court specifically agrees that the ALJ's hypothetical question to the vocational expert did not "accurately convey" the ALJ's finding that Plaintiff has "moderate" social limitations, consistent with the findings of Dr. Weeks. (R. at 12, 16–17). A vocational expert's testimony can only be considered for purposes of determining disability if the hypothetical question "accurately portrays the claimant's individual physical and mental impairments." Rutherford v. Barnhart, 399 F.3d 546, 553–54 (3d Cir. 2005) (internal citations omitted). Such accuracy by an ALJ in posing a hypothetical is even more important when, as here, claimant was proceeding pro se and may not have had the ability to counter by posing an accurate hypothetical question. Therefore, we remand for further questioning.